UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID R. DOVER,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

Defendant.

_____/

Case No. 20-cv-11883

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [#16];
ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION
[#15]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[#11] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [#13]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff David R. Dover's ("Plaintiff") and

Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for

Summary Judgment.  The Court referred this matter to Magistrate Judge Elizabeth

A. Stafford, who issued a Report and Recommendation on May 27, 2021,

recommending that the Court deny Plaintiff's Motion for Summary Judgment, ECF

No. 11, grant Defendant's Motion for Summary Judgment, ECF No. 13, and affirm

the Commissioner's decision, ECF No. 15.  Plaintiff filed a timely Objection to that

1

Report and Recommendation. ECF No. 16. Defendant filed its Response to this Objection on June 14, 2021. ECF No. 17.

Presently before the Court is Plaintiff's Objection to Magistrate Judge Stafford's Report and Recommendation. Upon review of the parties' briefings, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve this matter on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court concludes that Magistrate Judge Stafford reached the correct conclusion. The Court will therefore OVERRULE Plaintiff's Objection [#16], ACCEPT and ADOPT the Report and Recommendation [#15], DENY Plaintiff's Motion for Summary Judgment [#11], and GRANT Defendant's Motion for Summary Judgment [#13].

## II. BACKGROUND

Magistrate Judge Stafford's Report and Recommendation sets forth the relevant factual and procedural background in this case. The Court will adopt those findings here:

> Born in July 1965, Dover was 48 years old at the time of his alleged onset date of December 31, 2013. Dover had previous work as a truck driver/switcher, garbage collector/driver, tractor trailer driver, and hostler/switcher. He claimed to be disabled from low back pain, hip pain, bipolar disorder, depression, and chronic obstructive pulmonary disease (COPD).
>
> After the Commissioner denied his disability application initially, Dover requested a hearing, which took place in November 2016. In a February 2017 decision, the ALJ found Dover not disabled. The Appeals Council remanded the case to the ALJ to reassess Dover's RFC, which conflicted with the

credited opinion of consulting expert, Harold Nims, D.O., without adequate rationale. On remand, and after another hearing, the ALJ again found Dover not disabled.  The Appeals Council denied review and the ALJ's decision on remand became the final decision of the Commissioner. Dover timely filed for judicial review.

ECF No. 15, PageID.1406-07 (internal citations omitted).

Magistrate Judge Stafford subsequently summarized the ALJ's findings, first detailing the Commissioner's five steps to determine whether an applicant is disabled under 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Magistrate found that:

Applying this framework, the ALJ concluded that Dover was not disabled. At the first step, the ALJ found that Dover had not engaged in substantial gainful activity since December 31, 2013. At the second step, the ALJ found that Dover had the severe impairments of ischemic heart disease, cardiomyopathy, peripheral vascular disease status post femoral to femoral bypass graft, hypertension, spine disorders, and bipolar disorder. The ALJ determined that Dover's COPD, left shoulder lipoma, gastroesophageal reflux disease (GERD), hypertension, and obesity were non-severe impairments. Next, the ALJ concluded that none of Dover's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.

Between the third and fourth steps, the ALJ found that Dover had the [Residual Functional Capacity]:
to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he can occasionally perform postural activities . . . . [H]e can never climb ladders, ropes, or scaffolds. He can never balance or crawl. He can stand two hours, walk two hours and sit for four hours in an 8-hour workday. He requires the ability to stand for 10 minutes after 20 minutes of sitting as needed. He can never reach overhead with bilateral upper extremities and can frequently reach in all other directions with the bilateral upper extremities. He can frequently operate foot controls with bilateral lower extremities. He can have no exposure to extreme heat or cold or unprotected heights. He can have occasional exposure to humidity, wetness, and atmospheric conditions.

> Work is limited to simple, routine, repetitive tasks. He can have occasional contact with supervisors, coworkers, and the public. He must elevate his legs 12-16 inches, one at a time off the floor while at workstation. He requires the use of a handheld assistive device for ambulation.
>
> At step four, the ALJ found that Dover could not perform his past relevant work. At the final step, after considering Dover's age, education, work experience, RFC, and the testimony of the VE, the ALJ also concluded that Dover could perform jobs that existed in significant numbers in the national economy, including visual inspector, packer, and small products assembler. The ALJ thus concluded Dover was not disabled.

ECF No. 15, PageID.1408-09 (additional citations omitted).

### III. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the

ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (*quoting Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

## IV. DISCUSSION

Plaintiff raises two objections to Magistrate Judge Stafford's Report and Recommendation.  For the reasons discussed below, the Court is not persuaded by the arguments presented in Plaintiff's Objection.

### A. Objection #1

Dover's first objection is that the Magistrate Judge incorrectly reasoned that "the ALJ's discussion of other evidence may excuse a failing to satisfy the *Morrison* articulation standard."  ECF No. 16, PageID.1423; *Morrison v. Comm'r of Soc. Sec.*, No. 16-1360, 2017 WL 4278378, at *1 (6th Cir. Jan. 30, 2017).  Plaintiff states that the ALJ "failed to provide rationale for why important aspects of the opinion of Harold Nims, D.O. (given great weight generally by the ALJ) were excluded from the ALJ's finding of Dover's functional capacity." *Id.*  Specifically, Plaintiff argues that the ALJ did not credit certain pushing or pulling restrictions and did not consider Dr. Nims' medical opinion as a whole. *Id.*  Defendant urges this Court to reject

Plaintiff's first objection and argues that the ALJ conducted a thorough analysis concerning Dover's functional capacity that satisfied the *Morrison* standard.  ECF No. 17, PageID.1429.

Here, Plaintiff's arguments regarding the weight afforded to the opinion of Dr. Nims, the consultative examiner, have already been raised and rejected. Magistrate Judge Stafford emphasized that the ALJ accounted for many of the restrictions noted by Dr. Nims, including "mild limitations in lumbar range of motion and evidence of peripheral arterial disease in the lower extremities," but that Plaintiff had the ability to walk, stand, and operate a motor vehicle despite his impairments.  ECF No. 15, PageID.1411-1412.  The ALJ also thoroughly recounted the findings and limitations proffered by Dr. Nims while also considering facts that may contradict some of those opinions.  *See, e.g.*, ECF No. 9, PageID.65 ("Dr. Nims limited the claimant's postural functioning since the claimant refused to bend or squat; however, since he had normal range of motion in his knees, ankles, wrists, and hands, posturals were not completely eliminated . . . . Furthermore, the claimant was notably able to get on and off the examination table and stand on one leg independently, which belies his inability to climb stairs.").  It thus cannot be said that the ALJ did not adequately account for the medical opinions of Dr. Nims.

Moreover, the Court need not remand the case solely because the ALJ declined to address every limitation in Dr. Nims' opinion, including pushing or

pulling restrictions.  To the contrary, "an ALJ is not required to adopt all of an examining source's findings, even if the ALJ gives the opinion great weight." *Price v. Comm'r of Soc. Sec.*, No. 14-CV-13662, 2016 WL 3193025, at *2 (E.D. Mich. June 9, 2016) (citing *Smith v. Comm'r of Soc. Sec.*, Case No. 11-cv-2104, 2013 WL 1150133, at *11 (N.D. Ohio Mar. 19, 2013)).  In overruling a nearly identical argument to Plaintiff's, the district court in *Price* stated that the "ALJ's decision not to include the restrictions suggests that he did not intend to adopt that limitation" into the residual functioning capacity conclusion, and that this was supported by substantial evidence. *Id.*

Under the totality of the varied medical opinions provided by different physicians in this case, including those of Dr. Nims, substantial evidence supports the ALJ's decision to adopt some but not all of the restrictions proffered by Dr. Nims. This Court agrees with both the district court in *Price* and Magistrate Judge Stafford's conclusions that remand is not warranted and that failure to include certain pushing or pulling restrictions does not signify that the ALJ failed to accord the necessary weight to Dr. Nims' opinion.  The case law is clear that, "[s]imply put, there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight." *Smith v. Comm'r of Soc. Sec.*, No. 5:11 CV 2104, 2013 WL 1150133, at *11 (N.D. Ohio Mar. 19, 2013), *aff'd* (Jan. 30,

2014).   Accordingly, remand is not appropriate on this claim and the Court will
overrule Plaintiff's first objection.

### B. Objection #2

Plaintiff next objects to the Report and Recommendation by arguing that the
ALJ's purportedly failed to analyze the treating source opinions under 20 C.F.R. §
404.1527.   ECF No. 16, PageID.1424.   According to Plaintiff, both the ALJ and
Magistrate Judge Stafford incorrectly analyzed his claims under 20 C.F.R. §
404.1520c.   *Id.*   Defendant states that Plaintiff's argument is erroneous because the
applicable analysis under the regulation desired by Plaintiff, § 404.1527, was indeed
applied by both the ALJ and the Magistrate Judge here.   ECF No. 17, PageID.1432.

The Court agrees with Defendant that Plaintiff's second objection is meritless.
The ALJ noted that it examined the treating source opinions in accordance with 20
C.F.R. §§ 404.1527 and 416.927.   ECF No. 9, PageID.50, 58.   Magistrate Judge
Stafford also thoroughly analyzed Plaintiff's claim that the ALJ failed to consider
all six factors to determine the weight given to treating physician opinions, citing 20
C.F.R. § 404.1527 in her discussion.   *See* ECF No. 15, PageID.1415 ("The Sixth
Circuit recently rejected a similar argument that the ALJ failed to adequately
consider the six factors under § 404.1527(c)(2).").   Moreover, each of Plaintiff's
citations to the record in support of his objection do not clarify or substantiate his
argument; Plaintiff cites broadly to (1) the entirety of Magistrate Judge's discussion

of the treating source opinions claim, and then (2) to various random pages in the underlying proceedings record—including pages from the Social Security Administration's hearing notices and various physical residual functional capacity questionnaires—that have no bearing on the argument he presents here.  Thus, because incorrect and "[c]onclusory objections are insufficient to challenge a magistrate judge's report[,]" the Court will overrule Plaintiff's second objection. *Griffin v. Comm'r of Soc. Sec.*, No. 15-13809, 2016 WL 6310404, at *2 (E.D. Mich. Oct. 28, 2016).

### V. CONCLUSION

Accordingly, for the reasons discussed herein, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Elizabeth A. Stafford's May 27, 2021 Report and Recommendation [#15], **DENIES** Plaintiff's Motion for Summary Judgment [#11], **GRANTS** the Commissioner's Motion for Summary Judgment [#13], and **OVERRULES** Plaintiff's Objections [#16].

**IT IS SO ORDERED.**


s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager